FILED
United States Court of Appeals
Tenth Circuit

October 18, 2007

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

KENNETH D. HILL,

        Petitioner - Appellant,

    v.

JOHN WHETSEL, Sheriff,

        Respondent - Appellee.

No. 07-6090
(W.D. Oklahoma)
(D.C. No. 07-CV-69-C)

ORDER

Before **KELLY**, **MURPHY,** and **O'BRIEN**, Circuit Judges.

This matter is before the court on Kenneth Hill's pro se request for a certificate of appealability ("COA"). Hill seeks a COA so he can appeal the district court's dismissal without prejudice of his 28 U.S.C. § 2241 habeas corpus petition. 28 U.S.C. § 2253(c)(1)(A) (providing no appeal may be taken from "the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court" unless the petitioner first obtains a COA); *Montez v. McKinna*, 208 F.3d 862, 867, 869 (10th Cir. 2000) (holding § 2253(c)(1)(A)'s COA requirement applies to state prisoners proceeding under § 2241 when the petition relates to any of the "incidents and circumstances of any detention pursuant to state court process"). Because Hill has not "made a

substantial showing of the denial of a constitutional right," this court denies his request for a COA and dismisses this appeal. 28 U.S.C. § 2253(c)(2).

Hill was arrested by Oklahoma County officers on January 7, 2007. Four days later, on January 11, 2007, Hill filed the instant § 2241 habeas corpus petition claiming Oklahoma officials failed to timely charge him or to conduct a timely hearing on probable cause. Six days later, on January 17, 2007, Hill was formally charged on counts relating to possession of marijuana, cocaine, and drug paraphernalia. In light of this procedural history (i.e., the filing of state charges before any proceedings of substance on the merits of Hill's § 2241 petition had taken place in federal court), a magistrate judge issued an exhaustive and well-stated Report and Recommendation recommending the district court abstain from hearing Hill's § 2241 petition pursuant to *Younger v. Harris*, 401 U.S. 37 (1971). The district court adopted the Report and Recommendation and dismissed Hill's § 2241 habeas petition without prejudice. *See Morrow v. Winslow*, 94 F.3d 1386, 1398 (10th Cir. 1996) (holding district court should have abstained pursuant to *Younger* and, thus, remanding to district court to dismiss without prejudice).

To be entitled to a COA, Hill must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite showing, he must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to

proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quotations omitted).  In deciding whether Hill has carried his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims.  *Id.* at 338.  Although Hill need not demonstrate that his appeal will succeed to be entitled to a COA, he must "prove something more than the absence of frivolity or the existence of mere good faith."  *Id.* at 337, 338 (quotations omitted).

Having undertaken a review of Hill's application for a COA and appellate brief, the magistrate judge's Report and Recommendation, the district court's Order, and the entire record on appeal pursuant to the framework set out by the Supreme Court in *Miller-El*, this court concludes Hill is not entitled to a COA. The district court's conclusion *Younger* mandates abstention is not reasonably subject to debate and Hill's meritless arguments to the contrary are not adequate to deserve further proceedings.  Accordingly, this court **DENIES** his request for a COA and **DISMISSES** this appeal.

ENTERED FOR THE COURT

Elisabeth A. Shumaker, Clerk